[No. 4863.]

## PETER SWALL v. JEREMIAH CLARKE.

PURCHASER OF PROMISSORY NOTE.—A *bona fide* holder of a note who purchased it for value before it fell due, and without notice of payments made on it, can collect the face of the note and interest.

COVENANT THAT CERTAIN SUM IS DUE ON NOTE.—The assignee of a promissory note who purchases it in good faith before it falls due, without knowledge that payments have been made on it, and receives a covenant from the payee that the sum he pays for it is due, cannot maintain an action on the covenant if such amount is not due, for he sustains no loss, as the payor is liable to him for the face of the note.

ACTION ON COVENANT.—In order to enable one to maintain an action on a covenant, there must not only be a breach of the covenant, but some loss or damage to the covenantee.

APPEAL from the District Court, Twentieth Judicial District, County of Santa Clara.

James A. Huff, on the 23d day of September, 1871, made his promissory note to Jeremiah Clarke for the sum of five thousand dollars, payable three years from date, with interest at one per cent. per month. On the 26th of December, 1871, Huff paid one thousand dollars on the principal of the note, and on the 6th day of June, 1872, he paid the further sum of five hundred dollars on the principal. He also, on the 13th of August, 1873, paid the interest on the note up to September 23, 1873, and these payments were indorsed on the note. On the 9th day of December, 1872, Huff paid one Chandler, who was the agent of Clarke, and to whom Clarke had directed Huff to make payments, the sum of five hundred dollars on the principal of the note, and, on the 26th of April, 1873, he paid Chandler the fur-

ther sum of five hundred dollars on the principal. The last two payments were not indorsed on the note. On the 13th of August, 1873, Clarke sold and assigned the note to John Center in consideration of the sum of seven thousand four hundred dollars paid him by Center, and then covenanted with Center that there was then due on the note seven thousand four hundred dollars, with interest at one per cent. per month from September 23, 1873. Center had no notice of the payments made to Clarke through Chandler. On the 20th day of October, 1874, Huff had, by payments, reduced the principal of the note to three thousand two hundred and five dollars, saying nothing of the two five hundred dollar payments made to Chandler. On the day last named, Center sold the note to Swall, the plaintiff, for three thousand two hundred and five dollars, and assigned to him Clarke's covenant. Swall had no notice of the two payments to Chandler. On the 24th of November, 1874, Swall brought this action on the covenant, claiming judgment for the amount he would lose if the payments made to Chandler were allowed to Huff on the note. He recovered judgment in the court below and the defendant appealed.

*Williams & Thornton*, for the Appellant.

The note and mortgage were assigned before maturity. The plaintiff might now collect the whole amount apparently due on the face of the note. He has not been damaged to any extent whatever. The rule is that compensation for breach of a contract should be for actual loss only. As Lord Hobart, C. J., says, "There must be not only a thing done amiss, but also a damage either already fallen upon the party, or else inevitable." Even admitting the breach of the covenant, the damages should only have been nominal. (See Sedgwick on Damages, pp. 44, 47, 350, n. 2, and 351, 307, *et seq.*)

*Houghton & Reynolds*, for the Respondent.

The covenant is that seven thousand four hundred dollars was due on the note, and if a less sum was due the covenant was broken. The only question with which the de-

fendant has any interest, is whether he can be made to pay this money twice.  If the plaintiff, who now holds the note, and is assignee of the covenant, is pleased to treat these payments as credits on the note, Huff cannot be called on to pay it over again, and he could not possibly have any claim upon the defendant to refund the money paid when it had been applied as intended.

By the COURT:

Admitting that Clarke broke his covenant to Center, it does not necessarily follow that Swall, assignee of Center, is entitled to recover of Clarke the whole amount of the payments made by Huff to Chandler.  Certainly, if Huff had actually paid to Swall the whole amount of the note without claiming a deduction on account of the payments made to Chandler, Swall could not support a claim against Clarke for the amount so paid to Chandler.  There is no difference in principle between the supposed case and the one actually appearing here.  Swall has not been deprived of the sum paid to Chandler, and therefore has lost nothing, and being, as he appears to be, a *bona fide* holder of the Huff note, for value and without notice of the payments made to Chandler, he cannot suffer loss by reason of such payments.

In order to support a recovery, such as was had in the court below in this case against Clarke, there must not only have been a breach of the agreement on his part, but some loss or damage resulting to the promisee, Center, or his assignee, the plaintiff here.

Judgment and order denying a new trial reversed and cause remanded.